**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Lawrence L. Whited,** | ) | **CASE NO. 4:25 CV 2178** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Warden, FCI Elkton,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

**Introduction**

This matter is before the Court upon the Petition for Writ of Habeas Corpus under 28

U.S.C. § 2241 (Doc. 1) and respondent's Motion to Dismiss (Doc. 7).   For the following

reasons, the Petition is DENIED and the Motion to Dismiss is UNOPPOSED and

GRANTED.

**Facts**

Petitioner Lawrence L. Whited  filed this Petition for Writ of Habeas Corpus under 28

U.S.C. § 2241 against respondent Warden, FCI Elkton. Petitioner is incarcerated at Federal

1

Correctional Institution (FCI) Elkton. Petitioner was sentenced in 2019 to a term of 106 months after pleading guilty to conspiring to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846, and to possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).

This Court recently denied a previous Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by petitioner and granted the respondent's Motion to Dismiss. (Case No. 4:25 CV 368 Doc. 8). That matter is currently pending on appeal.

This matter is before the Court upon the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and respondent's Motion to Dismiss. Petitioner did not oppose the Motion to Dismiss.

**Discussion**

Petitioner asserts that the Bureau of Prisons ("BOP") has unlawfully denied him First Step Act of 2018 ("FSA") time credits against his sentence.[1] For the following reasons, the Court disagrees.

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his sentence is being executed. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir. 1998). "It is well-settled that a prisoner may file a § 2241 petition challenging the BOP's calculation of good time credits or its decision to deprive an inmate of those credits." *Tomlinson v. Healy*, 2026 WL 318973, at *3 (N.D. Ohio Feb. 6, 2026) (citations omitted). While this Petition is properly before the Court, respondent is correct that petitioner is not entitled to the relief sought.

---

[1]     Petitioner exhausted his administrative remedies.

Under 18 U.S.C. § 3632(d)(4)(D), some prisoners are ineligible to receive time credits under the FSA:

> (D) Ineligible prisoners. A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> (xxii) Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

18 U.S.C. § 3632(d)(4)(D)(xxii). Petitioner was convicted of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Thus, based upon the clear language of 18 U.S.C. § 3632(d)(4)(D)(xxii), he is ineligible to receive earned time credits under the FSA.

Petitioner maintains that he has completed the disqualifying portion of his sentence, i.e., the conviction under § 924(c), and that he is now serving time for an offense eligible for FSA credits. Petitioner asserts that the BOP is wrongly denying the time credits on the ground that his sentence remains aggregated under 18 U.S.C. § 3584(c).

As recently recognized, "Federal law provides that '[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.' " *Abbott v. Rardin*, 2026 WL 116419, at *2 (E.D. Mich. Jan. 15, 2026)(quoting 18 U.S.C. § 3584). "Thus, the BOP is required to treat multiple terms of imprisonment, whether imposed concurrently or consecutively, for administrative purposes as a single, aggregate term of imprisonment. " *Id.* (citing *United States v. Gonzales*, 520 U.S. 1, 8 (1997)). Accordingly, if an inmate's incarceration includes a sentence for an offense listed in one of the subsections of disqualifying offenses under 18 U.S.C. §

3632(d)(4)(D), the inmate is ineligible to have FSA time credit applied to any portion of his sentence.

Petitioner contends that the application of § 3584(c) to the FSA is a legal overreach and a contradiction of the FSA's plain text and purpose. But, "the Sixth Circuit [has] observed that courts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, are administrative functions of the BOP subject to § 3584(c)." *Shaw v. Rardin*, 2026 WL 252935, at \*2 (E.D. Mich. Jan. 30, 2026)(quoting *Keeling v. Lemaster* 2023 WL 9061914, at \*1 (6th Cir. Nov. 22, 2023)).

Therefore, because petitioner's sentence includes a conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c), a disqualifying offense under the FSA, petitioner is ineligible for earned time credits under the FSA for any portion of his sentence.

**Conclusion**

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is denied and respondents's Motion to Dismiss is granted.

IT IS SO ORDERED.


PATRICIA A. GAUGHAN
United States District Judge


Date: 3/2/26